**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILLIE OGDEN,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>WELLS FARGO BANK, NA,<br><br>        Defendant,<br><br> and<br><br>GRANT KWOK; YIM FONG KWOK;<br>HOWARD HSU,<br><br>        Defendants-Appellees. | No.   15-55373<br><br>D.C. No.<br>2:14-cv-03579-DMG-SH<br><br><br>MEMORANDUM[*] |
| MILLIE OGDEN,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>WELLS FARGO BANK, NA,<br><br>        Defendant-Appellee,<br><br> and | No.   15-55374<br><br>D.C. No.<br>2:14-cv-03579-DMG-SH |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GRANT KWOK; YIM FONG KWOK;
HOWARD HSU,

Defendants.

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted December 5, 2016
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA, Circuit Judges.

Millie Ogden appeals from the district court's dismissal with prejudice of her Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against Grant Kwok, Yim Fong Kwok, Howard Hsu (collectively, "the individual defendants"), and Wells Fargo Bank, N.A. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.[1]

To state a RICO claim, a plaintiff must allege, among other things, that an enterprise's racketeering activities proximately caused, i.e., "led directly to," her injuries. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006). Here, Ogden's Second Amended Complaint ("SAC") does not plausibly allege that any of the alleged enterprises' actions proximately caused her injuries. *See, e.g.*,

---

[1] As the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Rather, the SAC indicates that Cesar Ascarrunz's actions directly led to Ogden's alleged injuries and are therefore a superseding cause interrupting the "direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992). While Ascarrunz may have been a part of one of the alleged enterprises at some point in time, he clearly was not when he took his actions against Ogden. *See, e.g.*, *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (stating that RICO "liability depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs" (quoting 18 U.S.C. § 1962(c)). As a result, proximate causation is wanting in this case and the district court's dismissal of Ogden's RICO claims against the individual defendants may be affirmed on that ground. *See, e.g.*, *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (noting that a district court may be affirmed "on any ground supported by the record").

Additionally, because the SAC fails to state a RICO claim against Grant Kwok, it also fails to state a RICO claim against his former employer Wells Fargo.

3

*See Oki Semiconductor Co. v. Wells Fargo Bank, N.A.*, 298 F.3d 768, 773 (9th Cir. 2002) ("Only if [the employee] is liable for [the plaintiff's] loss would we additionally consider whether [the employer] was also liable under the doctrine of respondeat superior.").

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Ogden has not identified a factual allegation that could plausibly get her RICO claims over the proximate-cause hurdle. Therefore, dismissal with prejudice was warranted.

**AFFIRMED**.